UNITED STATES, Respondent

v

STUART G. GOLDMAN, Specialist Four,
U. S. Army, Petitioner

18 USCMA 516, 40 CMR 228

No. 21,732

August 22, 1969

*Colonel Daniel T. Ghent, Captain Howard L. Kaplus,* and *Captain Karl J. Uebel* were on the pleadings for Petitioner.

*Colonel David T. Bryant, Major Edwin P. Wasinger,* and *Captain Larry S. Seuferer* were on the pleadings for Respondent.

## Opinion of the Court

DARDEN, Judge:

Petitioning for reconsideration, the defense urges that the recent opinion of the Supreme Court in Chimel v California, 395 US 752, 23 L Ed 2d 685, 89 S Ct 2034 (1969), so narrows the law regarding searches incident to lawful arrest as to require a different result in this case. See United States v Goldman, 18 USCMA 389, 40 CMR 101. We disagree.

Not only was our decision not premised solely upon the legality of a search incident to an ▮ arrest but the search here involved was not so unlimited in scope and reasonableness as to offend against constitutional authority. The agents here acted both upon probable cause and necessity. It is one thing to construe the scope of police operations narrowly within the calm and orderly atmosphere of this nation, another to delimit them in a foreign and strife-torn city.

Moreover, the defense contention that the military may not try the accused for these offenses ▮ committed by him while on active overseas duty in a zone of conflict finds no support in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969).

Therefore, we perceive no reason to reconsider our former opinion and thus adhere to the results contained therein.

Chief Judge QUINN concurs.

FERGUSON, Judge (dissenting):

I dissent.

Ten days after the publication of our opinion in this case (June 13, 1969), and two days prior to the issuance of this Court's mandate (June 25, 1969), the Supreme Court of the United States, in Chimel v California, 395 US 752, 23 L Ed 2d 685, 89 S Ct 2034 (published June 23, 1969), decided that *in the absence of a search warrant,* a search conducted incidental to an arrest may not extend beyond the person of the individual and the area from within which he might obtain either a weapon or something that could be used as evidence against him. Since in United States v Goldman, the issue was a search incidental to his arrest, the search of room 6 was " 'unreasonable' under the Fourth . . . Amendment" to the Constitution. Chimel v California, supra, at page 16, slip opinion.

In addition, I believe that in light of the Supreme Court's opinion in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969), this accused should have been returned to the United States and tried in a Federal District Court for the two specifications under Article 134, alleging violation of section 472, Title 18, United States Code (possession of counterfeit military payment certificates and fifty-dollar bills, purporting to be obligations of the United States).

I believe that good cause exists for reconsideration of this Court's opinion.